# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, D.C. KING, B.T. PALMER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

**v.**

**MICHAEL A. WINES, JR.**
**MASTER-AT-ARMS THIRD CLASS (E-4), U.S. NAVY**

**NMCCA 201500005**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 21 August 2014.
**Military Judge:** CAPT J.K. Waits, JAGC, USN.
**Convening Authority:** Commander, U.S. Naval Activities
Spain, U.S. Naval Station, Rota Spain.
**Staff Judge Advocate's Recommendation:** LT E.S. Nelson,
JAGC, USN.
**For Appellant:** CDR Ricardo Berry, JAGC, USN.
**For Appellee:** Maj Tracey Holtshirley, USMC; Capt Cory
Carver, USMC.

**27 August 2015**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2**

PER CURIAM:

A military judge, sitting as a general court-martial,
convicted the appellant, pursuant to his pleas, of one
specification of committing a sexual act upon a child under the
age of 16 and one specification of committing lewd acts
(indecent language) on a child under the age of 16, both in
violation of Article 120b, Uniform Code of Military Justice,

10 U.S.C. § 920b. The appellant was sentenced to 45 months confinement, reduction to pay grade E-1, and a dishonorable discharge. In accordance with a pretrial agreement, the convening authority (CA) suspended all confinement in excess of 24 months, approved the remaining sentence, and, except for the punitive discharge, ordered the sentence executed.

The appellant's sole assignment of error asserts he was denied his post-trial right to a speedy trial due to a docketing delay after the CA's action, and seeks an unspecified day for day reduction in confinement and/or setting aside his punitive discharge under Articles 59(a) and 66(c), UCMJ.

Having reviewed the parties' pleadings and the record of trial, we are satisfied that no error materially prejudicial to the substantial rights of the appellant occurred and have similarly determined the findings and sentence are appropriate under the circumstances of this case. Arts. 59(a) and 66(c), UCMJ. We therefore affirm the findings and the approved sentence.

## Background

The appellant pled guilty at a general court-martial, held at Naval Station Rota, Spain, to one specification of committing a sexual act upon a 14-year-old child by engaging in sexual intercourse with her, and one specification of committing lewd acts, on divers occasions over several months, by intentionally communicating indecent language to the same child. On 21 August 2014, the court imposed punishment, and the appellant, who had not served any pretrial confinement or restraint, began serving his confinement on the same day. *See,* DD Form 2707, Confinement Order attached to the Results of Trial.

On 3 November 2014, the appellant submitted a request for clemency, which the CA considered when he took his action on 25 November 2014, 96 days after sentence was announced. The case was docketed before this Court on 7 January 2015, 43 days after the CA's action was signed.

Additional facts necessary for the resolution of the appellant's assignment of error are included below.

## Post-Trial Delay

Whether an appellant has been deprived of his due process right to a speedy appellate review is a question of law we

2

review *de novo*.  *United States v. Allison,* 63 M.J. 365, 370 (C.A.A.F. 2006).  When such delays occur, claims of due process violations caused by the delay are reviewed under the four-part test laid out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972) and *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006).  In such an analysis, we balance the (1) length of delay; (2) reasons for the delay; (3) appellant's assertion of the right to timely review and appeal; and (4) prejudice.  *Id*.  No one factor is determinative and the court will decide whether each factor favors the Government or the appellant.  *Id.* at 136.

A due process analysis of post-trial delay begins with a determination whether the delay in question is facially unreasonable.  *Id*. at 135-36.  Presumptive unreasonable delay exists when a record of trial is not docketed with the service Court of Criminal Appeals within 30 days of the CA's action.  *Id*. at 142.  In this case, the length of delay between the CA's action and docketing with this court totaled 43 days.  As such, the delay is unreasonable on its face, triggering a full *Barker/Moreno* analysis.  *See id*.

The presumption of unreasonableness can be overcome by a showing of legitimate, case-specific circumstances.  *Id.* at 142-43.  Here, the length of the delay (the first factor) exceeded the *Moreno* threshold by only 13 days.  Although this weighs slightly in the appellant's favor, this is a mere fraction of the delay noted by the Court of Appeals for the Armed Forces when finding and granting relief in other post-trial delay cases.  *Id*. at 135 (1,688 days of post-trial delay);  *Allison,* 63 M.J. at 366 (1,867 days of post-trial delay); *United States v. Jones*, 61 M.J. 80, 82 (C.A.A.F. 2005) (363 days of post-trial delay before the case was docketed with this court which included 74 days after the CA signed his action, all on a record of trial with 37 pages of transcription).

Several issues contributed to the delay (the second factor).  These include: the fact the CA signed his action in Rota, Spain the day before the Thanksgiving Holiday stand-down which prevented further administrative action, including delivering the record to the post-trial review officer in Naples, Italy, until 1 December 2014.  Next, on 2 December 2014, it was discovered the trial defense counsel had not signed for the staff judge advocate's recommendation and the record of trial.  At the time, the trial defense counsel was on temporary duty in the United States and his signatures could not be obtained until his return to Naples, Italy on 8 December 2014.  Finally, although the record of trial was delivered to the

3

military post office on 10 December 2014, and was accepted for United States Postal Service certified mail delivery on 11 December 2014, the record inexplicably did not arrive in the United States (New York) until 2 January 2015, and did not thereafter arrive at a local Naval (Anacostia) postal facility until 6 January 2015, before being picked up, copied, and docketed with this court on 7 January 2015. This delivery transit time accounts for 27 of the 43 days of delay. Although all these circumstances were in the Government's control (date of the CA's signing, designation of the holiday routine, geographic laydown of Naval forces and organizations in Europe, trial defense counsel's absence on official orders, and use of the United States Postal Service), it appears all involved were diligently and actively engaged in attempting to meet the *Moreno* timelines. Accordingly, this factor does not weigh heavily against the Government.

Next, this court looks at whether the appellant objected to the delay or asserted his right to timely review (the third factor). Until filing his appellate brief and assignment of error, the appellant did not make a demand for speedy trial or raise any post-trial processing concerns. Given this case was only 13 days into the period of presumptive unreasonable delay, and further given the lack of mechanisms to object to post-CA action delay, this factor weighs neither in favor of nor against the appellant.

When analyzing prejudice (the fourth factor), the court should consider three interests in a prompt appeal: (1) prevention of oppressive incarceration; (2) minimization of anxiety and concern of those awaiting the outcome of their appeals; and, (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired by the delay. *Moreno*, 63 M.J. at 138-41. As noted in the appellant's brief, he asserts no substantive issues on the first and third interests and we, similarly, find none. There is no evidence offered indicating the appellant's incarceration is oppressive nor is there any evidence the 43-day period after the CA's action has in any way limited his grounds for appeal or impaired his ability to prepare for a retrial if one was ordered.

The appellant does argue, however, that the second interest (minimizing anxiety and concern awaiting the outcome of his appeal) is triggered by the burdens he will face as a registered sex offender. We, nevertheless, find an insufficient basis to grant relief. The court in *Moreno* found prejudice because the

4

post-trial delay required Moreno to register as a sex offender upon his release and during the pendency of his attenuated appeal. *Id.* at 140. In this case, although the appellant may be unhappy at the prospect of eventual sex offender registration, he is still in confinement. Accordingly, in contrast to *Moreno*, the appellant will likely not face the prospect of sex offender registration during the period his case is still under appellate review.[1] For these reasons, we find no Article 59, UCMJ, material prejudice related to any docketing delay in his case and similarly conclude the findings and sentence are appropriate under Article 66(c), UCMJ.

## Conclusion

The findings and sentence are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

[1] This reasoning does not imply this court's belief that the second *Moreno* interest is automatically triggered each time an appellant must register as a sex offender before his/her appellate review is complete.

5